FILED
2022 APR 14 09:00 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 22-2-05436-1 SEA

SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| VAHID SUTA, an individual,<br><br>      Plaintiff,<br><br>vs.<br><br>THE HOME DEPOT, INC., a domestic corporation,<br><br>      Defendant. | NO.<br><br>COMPLAINT FOR DAMAGES |

COMES NOW Plaintiff, by and through their attorneys of record, Fielding Law Group, and by way of Complaint for Damages against the Defendant herein alleges as follows:

**I. PARTIES**

1.1    Plaintiff is a resident of King County, Washington.

1.2    Upon information and belief, it is alleged that Defendant, The Home Depot, is a domestic profit corporation with its principal office in the state of Georgia and transacting business in King County, Washington.

COMPLAINT FOR DAMAGES - 1

FIELDING LAW GROUP
PO Box 427
Royal City, WA 99357
Fax: 509-591-4401

## II. JURISDICTION AND VENUE

2.1     All acts and omissions alleged herein occurred in King County, Washington. The King County Superior Court has jurisdiction over the subject matter in this case pursuant to Article IV of the Constitution of the State of Washington.

2.2     The above-entitled court is the proper venue for this action pursuant to RCW 4.12.020(3).

## III. OCCURRENCE

3.1     On or about April 17, 2019, at approximately 2:15 pm, Plaintiff was a patron of The Home Depot store located on 11616 Aurora Avenue North, in Seattle, Washington.

3.2     While exercising due care for his own safety, Plaintiff asked AN employee of Defendant, The Home Depot store, to assist him in getting product that was located on the top shelf and out of reach. While employee of The Home Depot was on a ladder to get the boxed product, it caused another 15-20lb box to fall, and it landed directly on top of Plaintiff's head. As a result, Plaintiff was injured.

## IV. DUTY AND BREACH OF DUTY

4.1     Defendant had a duty to act with due care for its customers.

4.2     Defendants had a duty to exercise ordinary care in the performance of their job duties.

4.3     Defendants had a duty to provide safe conditions for customers who are on their premises.

4.4     Defendants breached this duty and were negligent in that they failed to exercise due care under the circumstances.

4.5     Defendants breached this duty and were negligent in that they failed to provide safe conditions for customers who are on their premises.

4.6     Defendant had a duty to maintain its store and its shopping aisles in a reasonably safe condition which did not pose a risk of injury to business invitees.

4.7     Defendant breached this duty and was negligent in that it failed to properly maintain its shopping aisles in a reasonably safe condition.

4.8     Defendant breached this duty and was negligent in that it knew or should have known that there was a dangerous condition.

4.9     Defendant violated such other statutes, codes, rules of conduct, and store policies as will be shown at trial.

## V. DAMAGES

6.1     As a direct and proximate result of Defendant's breach of duty, Plaintiff has suffered personal injuries the extent of which are not now known but will be proven at trial.

6.2     As a direct and proximate result of Defendant's breach of duty, Plaintiff has incurred reasonable and necessary medical expenses.

6.3     As a direct and proximate result of Defendant's breach of duty, Plaintiff has incurred injuries, pain, suffering, and anguish.

6.4     As a direct and proximate result of Defendant's breach of duty, Plaintiff will suffer future medical expenses, and future pain and suffering.

6.5     As a direct and proximate result of the Defendant's breach of duty, Plaintiff suffered and will suffer wage loss, and loss of earning capacity.

6.6     As a direct and proximate result of Defendant's breach of duty, Plaintiff has incurred such other damages as will be proved at trial.

## VI. LIMITED PHYSICIAN/PATIENT WAIVER

6.1 Plaintiff hereby waives the physician-patient privilege only to the extent required by RCW 5.60.060, and as limited by Plaintiff's constitutional right of privacy, contractual right of privacy, and the ethical obligation of physicians and attorneys not to engage in *ex parte* contact between a treating physician and the patient's legal adversaries.

## VII. RELIEF SOUGHT

WHEREFORE, Plaintiff hereby prays for judgment against defendants as follows:

7.1 Judgment for economic damages, including past and future medical expenses, past and future wage loss, and loss of earning capacity, in amounts to be determined at trial;

7.2 Judgment for general damages, including injury, pain, and suffering;

7.3 For such further relief as the court deems just and equitable.

DATED this 14th day of April, 2022.

.

FIELDING LAW GROUP

_____
James Harry, WSBA # 51912
Attorney for Plaintiff