UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VAHID SUTA,<br><br>          Plaintiff,<br><br>     v.<br><br>THE HOME DEPOT, INC.,<br><br>          Defendant. | CASE NO. 2:22-cv-00744-RSL<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES AND REQUIRING AMENDMENT |

This matter comes before the Court on "Plaintiff's Motion for Leave to Serve Additional Interrogatories." Dkt. # 12. Federal Rule of Civil Procedure 33(a)(1) authorizes parties to propound no more than 25 written interrogatories on another party. Leave to serve additional interrogatories may be granted where the information sought is relevant, non-privileged, and proportional to the needs of the case under Rule 26(b)(1). This expansive universe of discoverable information is bounded by limitations imposed by Rule 26(b)(2)(C), however, which state that the Court "must limit the frequency or extent of discovery . . . if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative . . . [or] (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."

Plaintiff alleges that he was injured at the Bitter Lake Home Depot in Seattle, Washington, when an employee knocked a 15-20 lb box off an upper shelf and it landed on plaintiff's head. Plaintiff served 25 interrogatories in August 2022 covering the following topics:

- the identity of and information about the person or persons answering the interrogatories (Interrogatory Nos. 1-4);

- the incident giving rise to this lawsuit (Interrogatory Nos. 5-6);

- whether the incident was investigated or memorialized and/or whether there are persons with information regarding the incident (Interrogatory Nos. 7-12);

- information regarding any experts or consultants Home Depot has retained for purposes of this case (Interrogatory Nos. 13-14);

- applicable insurance policies (Interrogatory Nos. 15-17); and

- whether Home Depot contends that plaintiff caused or contributed to the accident and any evidence supporting such a contention (Interrogatory Nos. 18-25).

Dkt. # 12-3 at 7-14. Home Depot objected to all but one of the interrogatories and declined to provide substantive response to most of them. Defendant did not identify the corporate officer or agent who furnished the information that was provided, and only its lawyers, Kelsey L. Shewbert and Kaytlin L. Carlson, signed the responses.

Plaintiff subsequently served 9 more interrogatories. Some of the new requests are obviously an attempt to overcome Home Depot's previous objections (Interrogatory No. 1), while others seek supplementation of initial disclosures and prior discovery responses (Interrogatory Nos. 2-4). There are, however, a number of interrogatories that address new topics, in particular the identity of persons who created polices related to restocking,

customer assistance, and the retrieval of large/heavy items, the identity of persons who had primary responsibility for those activities in the Bitter Lake store at the time of the accident, and the management, training, and supervision of Rogelio Esparza. Interrogatory Nos. 5-9. Home Depot objected to all of the new interrogatories on the ground that they exceed the limit imposed by Rule 33(a)(1).

Plaintiff's first set of interrogatories were not well-crafted, wasting a finite resource to seek detailed information regarding issues of marginal relevance, to duplicate disclosures mandated by Rule 26(a)(1), and to propound multiple interrogatories on the same topic rather than following up with document requests and/or a deposition. This case is not complex, and the new discovery topics should have been anticipated at the time the first 25 interrogatories were served. The Court declines to authorize additional interrogatories where plaintiff had ample opportunity to obtain the information he now seeks but instead gave priority to inconsequential and unnecessary inquiries.

Discovery closes on May 14, 2023. Plaintiff still has time in which to meet and confer with Home Depot regarding perceived deficiencies in the discovery responses he has already served, to file a motion to compel, and/or to serve a notice of deposition and coordinating request for production of documents.[1] Home Depot is reminded that it has a continuing duty to supplement its Rule 26(a) disclosures in a timely manner, including the

---

[1] Where the notice of deposition under Rule 30 requires the production of documents at the deposition, the reasonableness of the notice is evaluated under Rule 34. Thus, if plaintiff opts to serve a notice of deposition in conjunction with a request for the production of documents, the deposition cannot be scheduled until 30 days after service of the notice. Thompson v. CoreLogic Rental Prop. Sols., LLC, No. 21-CV-1716-GPC(WVG), 2022 WL 16753141, at *3 (S.D. Cal. Oct. 13, 2022).

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE
TO SERVE ADDITIONAL INTERROGATORIES AND
REQUIRING AMENDMENT - 3

identification of all persons likely to have discoverable information. Fed. R. Civ. P. 26(e)(1). Failure to timely disclose or supplement may result in the exclusion of the witness or evidence at trial. Fed. R. Civ. P. 37(c)(1).

      Although plaintiff has not filed a motion to compel, the Court will nevertheless direct Home Depot to comply with the dictates of Rule 33(b)(1) by identifying the corporate officer(s) or agent(s) who furnished the information needed to respond to the interrogatories and by including the signature of the person(s) making the answers, under oath, in addition to the signatures of the attorneys who lodged objections. Fed. R. Civ. P. 33(b)(3) and (5).[2] Home Depot's amended responses shall be served within seven days of the date of this Order.

      Dated this 3rd day of April, 2023.

                                                          *Robert S. Lasnik*  
                                                          Robert S. Lasnik  
                                                          United States District Judge

---

[2] Home Depot cites *Sprint Commc'ns Co. L.P. v. Crow Creek Sioux Tribal Court*, 316 F.R.D. 254, 273 (D.S.D. 2016), and *Shire Labs., Inc. v. Barr Labs., Inc*., 236 F.R.D. 225, 227 (S.D.N.Y. 2006), for the proposition that an attorney may be designated to answer interrogatories as the agent of a party. While that is undoubtedly true, there is no indication that counsel was so designated, and they did not sign the responses under oath. Home Depot's response to Interrogatory No. 1 strongly suggests that Ms. Shewbert and Ms. Carlson merely provided assistance in drafting the responses based on information that was provided by other, undisclosed persons. Dkt. # 12-3 at 7. The fundamental purpose of requiring a written response, namely, to bind the responding party, is in jeopardy as the record now stands.

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE  
TO SERVE ADDITIONAL INTERROGATORIES AND  
REQUIRING AMENDMENT - 4