UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VAHID SUTA, <br><br> Plaintiff, <br><br> v. <br><br> THE HOME DEPOT, INC., <br><br> Defendant. | NO. C22-0744RSL <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM CASE MANAGEMENT DEADLINES |

This matter comes before the Court on "Plaintiff's Motion to Continue Trial and Amend the Case Schedule." Dkt. # 25. Having reviewed the memoranda and declaration submitted by the parties,[1] the Court finds as follows:

Plaintiff requests an extension of the case management deadlines on the grounds that the parties have yet to schedule defendant's 30(b)(6) deposition and plaintiff is "scheduled for a evaluation that may determine if he requires additional treatment which could substantively impact" plaintiff's damage calculations. Dkt. #25 at 2. Under Fed. R. Civ. P. 16(b)(4), case management deadlines established by the Court "may be modified only for good cause and with the judge's consent." Rule 16 was amended in 1983 to require scheduling orders that govern

---

[1] Plaintiff did not file a reply memorandum.

ORDER DENYING MOTION
FOR RELIEF FROM DEADLINES - 1

pre-trial as well as trial procedures. The purpose of the change was to improve the efficiency of federal litigation: leaving the parties to their own devices until shortly before trial was apparently costly and resulted in undue delay. Under the 1983 amendment, once a case management schedule issues, changes will be made only if the movant shows "good cause."

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . .

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). *See also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff fails to "demonstrate diligence in complying with the dates set by the district court" good cause is not shown).

The deadline for disclosing expert witnesses was July 12, 2023 (the day on which plaintiff filed this motion), and the discovery deadline is September 11, 2023. Plaintiff has not shown that he could not, with diligence, meet these deadlines. There is over a month remaining before the close of discovery, and there is no reason to believe that the parties will be unable to schedule and complete the Rule 30(b)(6) deposition by that time. Nor has plaintiff made any effort to explain why he could not disclose a damages expert by July 12, 2023. Damage calculations often need to be revised prior to trial to account for the accrual of additional interest, recently discovered injuries/losses, and/or additional medical bills. Such revisions are accomplished through the issuance of a supplemental expert report: they do not excuse the need to disclose a damages expert and her methodology by the deadline established by the Court.

ORDER DENYING MOTION
FOR RELIEF FROM DEADLINES - 2

Good cause for the requested continuance has not been shown. In the absence of a justification for continuing the expert disclosure and discovery deadlines, there is no reason to move the trial date. There being no cause Plaintiff's motion for relief is therefore DENIED.

Dated this 7th day of August, 2023.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
FOR RELIEF FROM DEADLINES - 3