UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VAHID SUTA,

               Plaintiff,

      v.

THE HOME DEPOT, INC.,

               Defendant.

CASE NO. 2:22-cv-00744-RSL

ORDER

      This matter comes before the Court on "Plaintiff's Rule 6(b)(1)(B) Motion to Amend Case Schedule" (Dkt. # 35) and a motion to seal documents submitted in support thereof (Dkt. # 34). The motion to seal is GRANTED. The information contained in the sealed documents has nothing to do with the claims or defenses at issue in this litigation, nor does it justify the requested extension of the case management deadlines. As such, the public has little interest in the information and its dissemination could be used to annoy, harass, or embarrass non-parties.

      With regards to the request for an extension of the case management deadlines, plaintiff has not shown that the failure to make expert disclosures and complete discovery was the result of excusable neglect. Plaintiff acknowledges that his former counsel was negligent, but argues that evaluating his conduct against the so-called *Dix* factors leads to the conclusion that the neglect should be excused. To the contrary, the majority of the

ORDER - 1

factors set forth in *In re Dix*, 95 B.R. 134, 138 (9th Cir. 1982), weigh against a finding of excusable neglect. Granting the requested relief will force defendant, which has already completed discovery and filed a motion for summary judgment based on the existing record, to incur additional, unjustified costs to redo those tasks. The delay in disclosing experts and completing discovery is significant enough to upend the trial schedule established by the Court: it is not possible to introduce new expert testimony at this point without reopening discovery, extending the dispositive motion deadline, and continuing the trial date. Plaintiff admits that he has no explanation for his former attorney's failure to meet the case management deadlines and has not shown that his former attorney was in any way prevented from performing in a timely manner or was acting in good faith.[1] Thus, the first four *Dix* factors suggest that the neglect was not, in this case, excusable.

The fifth *Dix* factor requires an evaluation of whether it would be fair to penalize the client for his counsel's mistake or neglect. Plaintiff relies heavily on this factor, arguing that he had no way of knowing his former counsel was failing to meet case management deadlines, that he acted in good faith throughout, that his replacement counsel acted swiftly to salvage the situation, and that imputing prior counsel's neglect to plaintiff would be unfair. The fifth *Dix* factor was squarely rejected by the Supreme Court in *Pioneer Investment Services*, however. 507 U.S. at 396-97. Whether the client, separate and apart from his counsel, acted reasonably and in good faith in monitoring or relying on the conduct of his attorney is not the issue. Clients are bound by the acts and omissions of their voluntarily chosen representatives, and they may not disavow the conduct of those representatives in order to avoid the consequences of their actions. *Id*. at 397. "Any other notion would be wholly inconsistent with our system of representative litigation . . . ." *Id*.

---

[1] In fact, the evidence shows that support staff repeatedly reminded plaintiff's prior counsel of the upcoming deadline for submission of expert reports, but counsel insisted – incorrectly – that all he had to do by July 12, 2023, was disclose the identity of the expert. Dkt. # 37 at 8-9. "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect'" . . . . *Pioneer Inv. Servs*., 507 U.S. at 392.

ORDER - 2

(quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962)). Having failed to show that his former counsel's neglect was excusable, plaintiff is not entitled to an extension of the case management deadlines.

For all of the foregoing reasons, plaintiff's motion to seal (Dkt. # 34) is GRANTED and his motion to amend the case schedule (Dkt. # 35) is DENIED.

Dated this 13th day of November, 2023.

Robert S. Lasnik
United States District Judge

ORDER - 3