1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VAHID SUTA,

                Plaintiff,

      v.

THE HOME DEPOT, INC.,

                Defendant.

CASE NO. 2:22-cv-00744-RSL

ORDER GRANTING IN PART
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT
REGARDING DAMAGES

This matter comes before the Court on "Defendant's Motion for Partial Summary Judgment on Damages." Dkt. # 39. Plaintiff alleges that he was injured on April 17, 2019, when a 15-20 pound object fell on his head while shopping at the Aurora Avenue Home Depot in Seattle, Washington. Defendant seeks a summary determination that plaintiff cannot prove that his past and future medical expenses, his lost wages, or any diminution in his future earning capacity are causally connected to the incident.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

motion" (*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." *Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 450 (9th Cir. 2018). Although the Court must reserve for the trier of fact genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable fact finder could return a verdict in its favor. *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1071 (9th Cir. 2019).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties and taking the evidence in the light most favorable to plaintiff, the Court finds as follows:

1

2    **A. Past Medical Expenses**

3        Defendant argues that because plaintiff failed to offer expert testimony linking his

4    past medical expenses to the April 17, 2019, incident, he will not be able to establish

5    causation and damages. Expert opinion on an issue – including causation -- is not required

6    where a reasonable person can infer the necessary connection from the facts and

7    circumstances of the case. *Douglas v. Freeman*, 117 Wn.2d 242, 252 (1991); *Hill v. Sacred*

8    *Heart Med. Ctr*., 143 Wn. App. 438, 446 (2008). In the circumstances presented here, a

9    jury could reasonably find that some undefined quantum of plaintiff's past medical

10   expenses, such as his trip to the emergency room immediately after the incident, can be

11   traced to defendant's conduct without the need for expert testimony. It would, however, be

12   significantly more difficult to conclude that recent medical treatment, such as his May

13   2022 consultation with Washington Orthopedic Spine & Injury Center ("OSIC"), was

14   related to the April 2019 incident without the assistance of an expert, especially

15   considering the fact that plaintiff was treated for back, shoulder, and neck pain at the end

16   of 2016. But plaintiff has offered more than just evidence of various medical treatments

17   over the years. With regards to the May 2022 consultation, for example, the OSIC provider

18   specifically notes that the bilateral cervical radiculopathy with marked foraminal stenosis

19   at C4-C5 he observed is "more likely than not . . . directly and causally related to the index

20   accident on 4/17/2019." Dkt. # 44 at 32. This opinion was generated by a provider during

21   the process of assessing plaintiff's condition and developing a treatment plan. Similar

22   statements regarding a causal link between the April 2019 incident and plaintiff's on-going

23

24

25

26

ORDER GRANTING IN PART DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT REGARDING DAMAGES - 3

medical issues were recorded by Drs. Debiparshad, Wilmovsky, and Nwosu. Dkt. # 44 at 26-27, 41, and 49 respectively. In addition, plaintiff has submitted a declaration from Dr. Debiparshad that states, "[w]hile providing treatment to Suta, I was able to determine that the cause of his injury was the result of an incident involving a falling box or item while he was visiting The Home Depot." Dkt. # 45 at ¶ 5.

When moving for summary judgment, defendant chose not to provide copies of plaintiff's medical records, much less acknowledge the existence of the causation-related findings in those records. When plaintiff pointed out the relevant evidence in his opposition, defendant then argued that the opinions contained in the medical records should not be considered because they were not presented in a report or disclosure under Rule 26(a)(2)(B) or (C). Arguments raised for the first time in reply are generally not considered because the opposing party is deprived of its opportunity to address the arguments and the Court is deprived of the benefits of the adversarial process. Defendant's motion to dismiss could be denied on that ground. Because the admissibility of the treating physician's opinions will undoubtedly arise in the future, however, the Court chooses to address the issue now despite defendant's procedural lapse.

To the extent defendant is arguing that plaintiff's treating physicians failed to submit an expert report under Rule 26(a)(2)(B), providers who will testify as to opinions developed as part of their evaluation and treatment of a patient need not submit a written report. Treating physicians are experts, but because they generally are not "retained or specially employed to provide expert testimony," they are not subject to Rule 26(a)(2)(B).

*Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 824 (9th Cir. 2011) (citing Fed. R. Civ. P. 26(a)(2) advisory committee's note (1993)). As long as the expert's "opinions were formed during the course of treatment," *Id.* at 826, a party is required to disclose only "(i) the subject matter on which the witness is expected to present [expert] evidence . . . ; and (ii) a summary of the facts and opinions to which the witness is expected to testify" at the time specified by the Court, Fed. R. Civ. P. 26(a)(2)(C) and (D).

As discussed above, at least four of plaintiff's providers formed an opinion regarding the cause of plaintiff's condition as part of their assessment of plaintiff's injuries/deficits and identification of treatment options. The witnesses and the medical records containing their findings and opinions were disclosed during discovery, well before the July 12, 2023, disclosure deadline. This does not end the Court's inquiry, however. Rule 26(a)(2)(C) requires a statement of the "subject matter" on which the treating physician is expected to testify, along with "a summary of the facts and opinions" to be offered at trial. Plaintiff's reliance on the prior disclosure of treatment records in lieu of the required summary is misplaced. Such a procedure would risk imposing undue burden or unfair surprise on a defendant if the medical records were extensive and the defendant has to sift through months or years of entries in an attempt to figure out who might testify and what opinions each expert might offer. *See Carrillo v. B & J Andrews Enterprises, LLC*, No. 2:11-CV-01450-RCJ, 2013 WL 394207, at *5–7 (D. Nev. Jan. 29, 2013); *Brown v. Providence Med. Ctr.*, No. 8:10-CV-230, 2011 WL 4498824 (D. Neb. Sept. 27, 2011). A number of courts have rejected the argument that the production of

medical records, standing alone, satisfies Rule 26(a)(2)(C). *See, e.g., Lucero v. Ettare*, No. 15-CV-02654-KAW, 2017 WL 11693747, at *10 (N.D. Cal. June 7, 2017); *Schultz v. Ability Ins. Co.*, No. C11–1020, 2012 WL 5285777 (N.D. Iowa Oct. 25, 2012); *Smith v. Barrow Neurological Institute*, No. CV 10–01632–PHX–FJM, 2012 WL 4359057 (D. Ariz. Sept. 21, 2012). The Court agrees. While medical records undoubtedly relate to the "subject matter" of a treating physician's testimony, they do not necessarily reveal which of the providers will be called to testify or which opinions will be offered. Plaintiff's production does not, therefore, serve the purposes for which Rule 26(a)(2)(C) was enacted.

Once it is determined that a party has failed to provide information required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). Rule 37(c) "gives teeth" to the requirements of Rule 26(a), and courts have wide latitude to impose sanctions. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Generally, the exclusion penalty is "self-executing" and "automatic" in order to induce parties to disclose in a timely manner. *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008). The party facing an exclusionary sanction has the burden of showing that its failure to disclose was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1); *Yeti*, 259 F.3d at 1107. "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the

prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010).

Consideration of those factors suggests that the failure to properly disclose under Rule 26(a)(2)(C) is harmless in the circumstances of this case. Plaintiff's treating physicians were listed as witnesses in his initial disclosures, responses to discovery requests, and subsequent supplements. There is no indication that the treatment records are voluminous, defendant had ample opportunity to review the records, the causation opinions are clearly stated, and defendant had sufficient time to depose the witnesses and/or conduct follow-up discovery. There is also no indication that plaintiff acted in bad faith: in fact, prior motions practice suggests that the failure to make formal Rule 26(a)(2) disclosures was the result of neglect. That defendant chose to ignore the clear evidence in the record and forego discovery regarding causation in favor of filing a dispositive motion on the issue is not the type of harm with which the discovery rules (or the Court) are concerned. Plaintiff's treating physicians will be permitted to testify as to the subject matter of their evaluation and treatment as disclosed in the medical records and to opinions formed in the course of treatment.[1]

---

[1] While Dr. Debiparshad's declaration would not be admissible at trial, he will be permitted to testify regarding his October 2021 opinions that plaintiff's neck pain, dizziness, and loss of balance and his "ongoing mechanical axial neck symptoms" are "secondary to a box falling on his head." Dkt. # 44 at 26-27. Defendant's *Daubert* objection to Dr. Debiparshad's declaration – which will not be admitted at trial – is denied as moot.

ORDER GRANTING IN PART DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT REGARDING DAMAGES - 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Defendant also argues that plaintiff's medical records should be stricken as inadmissible hearsay. "[O]nly admissible evidence may be considered by the trial court in ruling on a motion for summary judgment." *Beyene v. Coleman Sec. Servs., Inc*., 854 F.2d 1179, 1181 (9th Cir. 1988) (citations omitted). However, "[a]t the summary judgment stage, [the Court does] not focus on the admissibility of the evidence's form. [It] instead focus[es] on the admissibility of its contents." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citations omitted); *see also Aholelei v. Haw. Dep't of Pub. Safety*, 220 F. App'x 670, 672 (9th Cir. 2007). Defendant's objection is based on the failure to present the medical records through their custodians' affidavits. Where the authenticity of the documents is not seriously in question, the Court can consider evidence submitted on summary judgment if its contents could be presented in an admissible form at trial. *Fraser*, 342 F.3d at 1037; *Lavery v. Dhillon*, No. 2:13-cv-2083DADACP, 2023 WL 7024464, at *3 (E.D. Cal. Oct. 5, 2023). Such is the case here.

**B. Future Medical Expenses**

In October 2021, plaintiff consulted Dr. Debiparshad at Synergy Spine & Orthopedics because physical therapy and pain medications had failed to relieve his symptoms. After taking his history, conducting a general examination, reviewing medical records, and consulting with plaintiff's son, Dr. Debiparshad concluded that plaintiff's symptoms were caused by a box falling on his head in 2019 and that surgery might offer a more definitive remedy. Dkt. # 44 at 26-27. Dr. Debiparshad opined that the surgery would be extensive and involve reconstruction between C4 and C7 through an anterior approach:

> In order to perform an adequate decompression, and to address foraminal stenosis with the nerve root compression[,] a wide decompression would be required, including: removal of enough of the stabilizing structures – requiring stabilization/fusion at the corresponding levels – which would cause iatrogenic instability at these levels. In order to prevent further neurological deterioration and to address the spinal instability[,] an instrumented stabilization and fusion would be required following the decompression.

Dkt. # 44 at 27-28. The charges for the described surgery were estimated to be $335,819.00. Dkt. # 44 at 24. For the reasons discussed above, the failure to disclose this opinion was harmless, and Dr. Debiparshad will be permitted to testify regarding the causal link between the recommended surgery and the April 17, 2019, incident.

## C. Wage Loss

An award of lost earnings is appropriate where the injuries caused by defendant's actions rendered plaintiff temporarily unable to continue in a prior occupation. Plaintiff claims that he lost $4,486.68 in income due to the April 17, 2019 incident. Dkt. # 40-1 at 12; Dkt. # 44 at 10. The only evidence of this loss is plaintiff's income tax returns: he provided neither a computation showing how this loss amount was calculated nor a declaration regarding work lost because of doctor's appointments or physical incapacity arising from the incident. Because there is no evidence that the lost wages were the result of plaintiff's injuries, the jury would have to speculate regarding why his wages decreased from one year to the next. The claim for past wage loss cannot proceed.

**D. Future Earning Capacity**

Plaintiff is not making a claim for impairment of his future earning capacity. Dkt. # 40-1 at 12.

For all of the foregoing reasons, defendant's motion for summary judgment regarding damages is GRANTED in part. There being no evidence that plaintiff's past wage loss was causally connected to the April 17, 2019, incident, the claim for $4,486.68 in lost wages cannot proceed. Plaintiff is not seeking damages for diminution of his future earning capacity.

Dated this 20th day of November, 2023.

_MW S Lasnik_

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT REGARDING
DAMAGES - 10