UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VAHID SUTA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>THE HOME DEPOT, INC.,<br><br>　　　　　　　Defendant. | Cause No. C22-0744RSL<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION |

On November 20, 2023, the Court granted in part and denied in part defendant's motion for summary judgment regarding damages. Dkt. # 49. Defendant filed a timely motion for reconsideration, arguing that the Court manifestly erred by (1) conflating its challenge to the sufficiency of the evidence regarding medical causation with its challenge to the sufficiency of the evidence regarding the reasonableness of the medical costs incurred and (2) concluding that plaintiff's failure to comply with Rule 2(a)(2)(C) was harmless. Dkt. # 50. The Court requested additional briefing on the matter and, having considered the parties' submissions, finds as follows:

**A. Reasonableness of Past Medical Treatment and Expenses**

Under Washington law, "[a] plaintiff in a negligence case may recover only the reasonable value of medical services received, not the total of all bills paid." *Patterson v.*

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR RECONSIDERATION - 1

*Horton*, 84 Wn. App. 531, 543 (1997). Medical records and bills/receipts are relevant "only if supported by additional evidence that the treatment and the bills were both necessary and reasonable." *Id. See also Carr v. Martin*, 35 Wn.2d 753, 761 (1950) ("evidence of the indebtedness incurred and the amounts paid [] for the series of physicians and the hospital" do not raise "a presumption that the charges made were reasonable" or otherwise shift the burden to defendant to prove otherwise); *Damasco v. United States*, No. C17-641 RSM, 2018 WL 4237752, at *7–8 (W.D. Wash. Sept. 6, 2018) (same) (citing *Patterson*, 84 Wn. App. at 543, and *Carr*, 35 Wn.2d at 761-62). With regards to past medical expenditures, plaintiff has not offered any evidence besides the billing records. Having shown only the amount, not the reasonableness, of his past medical costs, plaintiff has failed to produce evidence sufficient to raise a triable issue of fact under Washington law. *See Cudmore v. Tjomsland*, 44 Wn.2d 308, 309 (1954) ("Whatever may be the rule elsewhere, it is now the established law in this jurisdiction that the reasonable value of services rendered must be established.") (citing *Carr*, 35 Wn.2d at 761). Defendant's motion for reconsideration on this point is GRANTED, and plaintiff's claim for past medical expenses is dismissed.

**B. Future Medical Expenses**

When the issue is whether future medical expenses will be incurred and the amount thereof, medical records and bills are relevant and admissible without the need to show reasonableness and necessity. *Patterson*, 84 Wn. App. at 543. Mathematical exactness regarding amount is not required where future damages are concerned, *id*. at 544, and "allowance for the

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR RECONSIDERATION - 2

cost of future medical care can be made" based on evidence "that future medical care will be necessitated by the injury suffered by the plaintiff," *Leak v. U.S. Rubber Co.*, 9 Wn. App. 98, 103 (1973). The Washington Supreme Court has twice approved the submission of the issue of future medical damages to the jury based on little more than the existence of past medical expenditures, plaintiff's condition at the time of trial, and evidence that future medical expenses were reasonably certain. *Helman v. Sacred Heart Hosp.*, 62 Wn.2d 136, 151 (1963); *Webster v. Seattle, Renton & Southern Ry. Co.*, 42 Wash. 364, 365 (1906). *See also Erdman v. Lower Yakima Valley, Washington Lodge No. 2112 of B.P.O.E.*, 41 Wn. App. 197, 209–10 (1985) (where plaintiff's impairments continued to exist at the time of trial, he had received medical attention for the impairments in the past, and there was evidence that future treatment would be necessary, the jury determines whether to award future damages).

Because evidence of reasonableness is not necessary to recover future medical expenses, defendant's motion for reconsideration on this point is DENIED.

**3. Harmlessness**

Defendant argues that the Court should not have considered whether plaintiff's failure to comply with Rule 26(a)(2)(C) was harmless because plaintiff failed to raise harmlessness or to request a less severe sanction than exclusion. Dkt. # 50 at 4; Dkt. # 55 at 5-6. In making his argument, defendant ignores its own "procedural lapse" in the summary judgment briefing. Dkt. # 49 at 4. Defendant failed to acknowledge or address the causation evidence in plaintiff's medical records when it filed its motion for summary judgment. When plaintiff pointed out the

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR RECONSIDERATION - 3

relevant evidence in his opposition memorandum, defendant then argued in reply that the evidence should not be considered under Rule 26(a)(2). Plaintiff was deprived of an opportunity to address the argument and establish harmlessness. In light of the extensive record regarding what plaintiff produced, when it was produced, and how it was produced, the Court nevertheless chose to consider defendant's belated argument and determine whether the circumstances presented supported a finding of harmlessness. Defendant's procedural objection is overruled.

With regards to the substance of the Court's decision, defendant has not shown manifest error. While it is clear that defendant disagrees with the Court's assessment of the situation and the weighing of the *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010), factors, the analysis and decision are, at most, debatable. Reconsideration is appropriate only when clear and indisputable (*i.e.*, manifest) error is present, not when a litigant is disappointed in the outcome.

While the Court remains convinced that defendant could have and should have conducted follow-up discovery regarding past and future medical expenses rather than hope that the evidence produced in discovery would be excluded, the trial date in this matter has now been continued to April 22, 2024. Defendant will therefore be given the opportunity to conduct additional, limited discovery regarding the need for and estimated costs of future medical treatment related to plaintiff's injuries. The Court declines to shift the costs of such discovery.

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR RECONSIDERATION - 4

For all of the foregoing reasons, defendant's motion for reconsideration (Dkt. # 50) is GRANTED in part. Plaintiff's claim for past medical expenses is dismissed for failure to provide evidence that the expenses were necessary and reasonable. Plaintiff shall, within seven days of the date of this Order, inform defendant whether Dr. Debiparshad and/or Dr. Nwosu will be testifying at trial regarding future medical expenses. Defendant may note the testifying physician's deposition, and the parties shall work cooperatively to schedule and conduct the depositions by the end of February.

Dated this 31st day of January, 2024.

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR RECONSIDERATION - 5